**MISSOURI CIRCUIT COURT TWENTY-SECOND JUDICIAL CIRCUIT (CITY OF ST. LOUIS)**

FILED
MAY 16 2024
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

2422-CC00874

**JAZZMINE NOLAN-ECHOLS,**

*Plaintiff,*

4428 Holly
St. Louis, MO 63115

vs.

**CITY OF ST. LOUIS, MISSOURI CHARTER COMMISSION, et al.,**

*Defendants*

City Counselor's office
1200 Market St #314
St. Louis, MO 63103

Case No.

**DECLARATORY JUDGMENT PETITION**

**INTRODUCTION**

1. The plaintiff, Jazzmine Nolan-Echols, brings this declaratory judgment petition against the City of St. Louis, Missouri Charter Commission, and its members as defendants, alleging multiple violations of civil rights, Sunshine Law, ordinance, and defamation, as well as a breach of the Rules of Order and Procedure.

**PARTIES**

2. The plaintiff, Jazzmine Nolan-Echols, is a resident of St. Louis and the duly appointed Chair of the City of St. Louis Charter Commission.

3. The defendants, City of St. Louis, Missouri Charter Commission, and its members, including but not limited to Anna Crosslin, Chris Grant, Christine Ingrassia, Scott Intagliata, Anthony Riley, Travis Sheridan, and others, are individuals appointed to serve on the Charter Commission.

**BACKGROUND**

4. Over the past seven months, the plaintiff has encountered systemic discrimination and unlawful conduct perpetrated by the defendants, as outlined in the exhibits attached hereto and incorporated herein by reference.

5. Exhibit A details instances of civil rights violations, including differential treatment based on race and gender, denying her equal treatment and opportunities afforded to other commissioners. For example, while Chris Grant, a white man, was granted a closed session for legal advice, the plaintiff, a black woman, was denied the same right.

1



6. Exhibit B provides evidence of Sunshine Law violations, including conducting commission business outside of public meetings, denying the plaintiff legal advice and closed session, and failing to provide advanced notice or opportunity for defense. The defendants, led by Anna Crosslin, knowingly met privately in quorums to discuss commission business, thereby violating the Sunshine Law and depriving the public of transparency.

7. Exhibit C further illustrates the defendants' disregard for transparency and due process through public meeting and public hearing violations, as well as breaches of the city's code of conduct and Rules of Order and Procedure. Prior to the April 15, 2024 meeting, the plaintiff was privately removed from contributing to recommendations of the Work Group, a clear violation of the city's ordinance. Additionally, during the April 15, 2024 meeting, the defendants publicly promoted conflicts of interest and conducted commission business in private quorums, thereby violating both the ordinance and the Rules of Order and Procedure.

8. Exhibit D is a formal written request addressed to the Attorney General, Chair Dr. Jazzmine Nolan-Echols in which outlines a series of egregious violations of the "City of St. Louis Employee Code of Conduct," "Ordinance 71607," and the "Sunshine Law" by five commissioners: Crosslin, Sheridan, Grant, Intagliata, and Riley. These violations represent a serious breach of trust and integrity within the City of St. Louis Charter Commission, necessitating immediate action to address the misconduct and restore accountability to the commission's proceedings.

9. The request highlights multiple instances where the defendants violated Missouri's Sunshine Law by conducting commission business outside of public meetings, thereby depriving the public of transparency and participation in the governance process. Notably, the defendants submitted an email with five signatures in agreement, constituting a quorum, in violation of the Sunshine Law's requirements for open meetings. Additionally, the defendants convened in private quorums to conduct commission business, excluding the public from critical decision-making processes. These clandestine actions undermine the principles of democracy and erode public trust in the commission's proceedings.

10. The request further identifies violations of the City of St. Louis Employee Code of Conduct, which mandates ethical behavior and compliance with all applicable laws and regulations. The defendants' actions, including demanding the communication of a false conflict of interest statement and contacting members of the commission with threats, constitute clear breaches of the code of conduct. Such behavior not only undermines the integrity of the commission but also reflects poorly on the City of St. Louis as a whole, necessitating swift and decisive action to address the misconduct.

11. The request emphasizes violations of Ordinance 71607 and the St. Louis City Charter, which mandate inclusive participation and adherence to established procedures within the commission. The defendants' actions, including failing to follow proper protocol and conducting commission business in private quorums, undermine the integrity and effectiveness of the commission's proceedings. These violations represent a flagrant disregard for the rule of law and the principles of accountability and transparency upon which the commission is founded.

12. Moreover, the request highlights the defendants' discriminatory treatment of the plaintiff based on race and gender, in violation of federal and state civil rights laws. The defendants

12. systematically denied the plaintiff equal treatment and opportunities afforded to other commissioners, perpetuating systemic inequality within the commission. Such discriminatory behavior not only harms the plaintiff but also undermines the commission's ability to govern fairly and effectively.

13. In light of these serious violations, Chair Dr. Jazzmine Nolan-Echols requests that the defendants be removed from the Charter Commission and replaced by the Board of Aldermen, fined for each Sunshine Law violation, issued a cease and desist from further communication about the commission, and suspended from all commissioner service positions with or for the City of St. Louis. It is imperative that the City upholds its Charter, ordinances, and code of conduct to ensure the integrity of the commission's proceedings and the safety of the public.

14. The plaintiff has attempted to address these issues internally, but the defendants have failed to rectify their unlawful conduct, necessitating intervention by this Honorable Court.

## CAUSES OF ACTION

9. The plaintiff alleges the following causes of action against the defendants:

**a. Violation of Civil Rights**

The actions of the defendants represent a clear instance of discrimination based on race and gender, which is in direct violation of federal and state civil rights laws. The plaintiff, Jazzmine Nolan-Echols, has been systematically denied equal treatment and opportunities within the City of St. Louis Charter Commission, solely on the basis of her race and gender. This discriminatory treatment is evident in the disparate treatment between the plaintiff and other commissioners, such as Chris Grant, a white man, who was afforded rights and opportunities denied to the plaintiff. Grant was granted a closed session for legal advice, while the plaintiff, a black woman, was unjustly denied the same right. Similarly, Christine Ingrassia, a white woman, was given the opportunity to exercise her First Amendment rights without repercussion, while the plaintiff faced threats, harassment, and retaliation for attempting to do the same. These actions constitute a flagrant violation of the plaintiff's civil rights and serve to perpetuate systemic inequality within the commission.

**b. Sunshine Law Violations**

The defendants deliberate and calculated actions constitute a clear violation of Missouri's Sunshine Law, striking at the very core of democratic governance and public accountability. The Sunshine Law stands as a bulwark against clandestine dealings and opaque decision-making, mandating that government proceedings be conducted openly and transparently, except under narrowly defined circumstances.

Despite this clear legal mandate, the defendants knowingly and willfully conducted commission business behind closed doors, away from public scrutiny and input. Through a pattern of covert meetings and undisclosed discussions, they systematically excluded the public from critical decision-making processes, effectively disenfranchising citizens and undermining the principles of democracy upon which our society is built.

This clandestine behavior not only deprives citizens of their fundamental right to participate in the governance process but also erodes the bedrock of trust upon which effective governance depends.

3

By operating in the shadows, shielded from public oversight and accountability, the defendants have betrayed the public's trust and confidence in the integrity of the City of St. Louis Charter Commission and its proceedings.

Moreover, the defendants' flagrant disregard for the Sunshine Law not only violates the letter of the law but also strikes at the heart of democratic principles, threatening the very foundation of our system of government. In depriving the public of their right to transparency and participation, the defendants have undermined the legitimacy of the commission's actions and compromised its ability to serve the interests of the community effectively.

It is incumbent upon this Honorable Court to take swift and decisive action to hold the defendants accountable for their egregious violations of the Sunshine Law. Only through rigorous enforcement of transparency and accountability measures can we restore public trust in the integrity of our governmental institutions and safeguard the principles of democracy for future generations.

### c. Defamation

The defendants engaged in a campaign of defamation against the plaintiff, making false and damaging statements that have harmed her reputation and credibility within the commission and the broader community. These defamatory statements were made publicly, during commission meetings and in other official capacities, further exacerbating the harm caused to the plaintiff. For instance, during a public meeting in November 2023, David Dwight, Christine Ingrassia, and Casey Milburg falsely accused the plaintiff of failing to engage with the public and obstructing transparency within the commission. Additionally, Anna Crosslin contacted other commission members, spreading false information and encouraging them not to collaborate with the plaintiff. These baseless accusations have tarnished the plaintiff's reputation and undermined her ability to effectively fulfill her duties as Chair of the commission, constituting a clear violation of state defamation laws.

### d. Ordinance and Charter Violations

The defendants flagrantly violated the city's ordinance and charter, which explicitly mandate inclusive participation and adherence to established procedures within the City of St. Louis Charter Commission. These violations undermine the integrity and effectiveness of the commission's proceedings, rendering them susceptible to manipulation and abuse. For instance, the defendants engaged in discriminatory practices, denying diverse groups of individuals the opportunity to participate in the commission's work based on political, socio-economic, and demographic factors. Furthermore, the defendants failed to adhere to established procedures, such as providing advanced notice, conducting closed sessions when required, and affording the plaintiff the opportunity to defend herself against baseless accusations. These violations not only constitute a breach of the ordinance and charter but also erode public trust in the commission's ability to govern fairly and effectively.

### e. Breach of Rules of Order and Procedure

The defendants' failure to adhere to the commission's Rules of Order and Procedure further undermines the integrity and effectiveness of the commission's proceedings. These rules are designed to ensure fair and orderly conduct during meetings and to uphold the principles of transparency and accountability. However, the defendants knowingly disregarded these rules, engaging in disruptive behavior, conducting commission business in private quorums, and excluding the plaintiff from critical decision-making processes. For instance, the defendants convened private

meetings to discuss commission business, bypassing established procedures and depriving the plaintiff of her right to participate in the decision-making process. Additionally, the defendants failed to follow proper protocol when removing the plaintiff from her position as Chair of the commission, further undermining the legitimacy of their actions. These breaches of the Rules of Order and Procedure serve to undermine public confidence in the commission's ability to govern effectively and fairly., further undermining the integrity and effectiveness of the commission's proceedings.

**f. Discrimination laws violation**

The plaintiff alleges egregious violations of federal and state discrimination laws by the defendants. The plaintiff was subjected to disparate treatment based solely on her race and gender. The defendants' actions, including denying the plaintiff equal access to resources and opportunities afforded to other commissioners, constitute clear violations of Title VII of the Civil Rights Act of 1964 and Missouri Human Rights Act.

Furthermore, the defendants fostered a hostile work environment for the plaintiff, characterized by harassment, intimidation, and retaliatory actions. These actions not only contravene federal and state anti-discrimination laws but also undermine the plaintiff's ability to perform her duties effectively and contribute meaningfully to the commission's work.

By perpetuating a culture of discrimination and exclusion within the commission, the defendants have not only violated the plaintiff's rights but also compromised the commission's ability to fulfill its mandate in a fair and equitable manner. It is imperative that this Honorable Court takes decisive action to hold the defendants accountable for their discriminatory conduct and ensure that all individuals, regardless of race or gender, are afforded equal opportunities and treatment within the City of St. Louis Charter Commission.

**PRAYER FOR RELIEF**

10. WHEREFORE, the plaintiff respectfully prays for the following relief from this Honorable Court:

a. A declaratory judgment affirming the defendants' violations of civil rights, Sunshine Law, ordinance, and charter rights, and recognizing the importance of diversity, equity, and inclusion within the City of St. Louis Charter Commission.

b. Injunctive relief requiring the defendants to cease and desist from further unlawful conduct and to implement policies and practices that promote diversity, equity, and inclusion within the commission. This includes but is not limited to:

i. Establishing training programs on implicit bias, discrimination, and cultural competency for all commission members.

ii. Implementing transparent processes for decision-making, including providing advanced notice of meetings and opportunities for public input.

iii. Ensuring equitable access to resources, such as legal advice and closed sessions, for all commission members regardless of race, gender, or other protected characteristics.

c. Damages to compensate the plaintiff for the defamation and other injuries suffered as a result of the defendants' actions, and to fund initiatives aimed at promoting diversity, equity, and inclusion within the City of St. Louis.

d. Appointment of an independent monitor or oversight body to review and report on the commission's compliance with civil rights laws, the Sunshine Law, ordinance, and charter rights, and to recommend further measures to promote diversity, equity, and inclusion within the commission.

e. Any other relief deemed just and proper by this Court, including but not limited to public apologies from the defendants acknowledging their wrongdoing and commitment to fostering a more inclusive and equitable environment within the commission.

**REQUEST FOR TRIAL BY JURY**

11. The plaintiff hereby requests a trial by jury on all issues so triable.

**Respectfully Submitted**

Jazzmine Nolan-Echols

Dated on this 14th day of May 2024

## MISSOURI NOTARY ACKNOWLEDGMENT

THE STATE OF MISSOURI

COUNTY AND OR CITY OF St. Louis, MO

On this [DATE], before me, a Notary Public in and for said state, personally appeared [NAME OF SIGNER] (name of individual), known to me to bethe person who executed the within [TYPE OF

6

DOCUMENT] (type of document), and acknowledged to me that he/she executed the same for the purposes therein stated.

_____
Notary Public Signature

Print _____

> EVAN WILLHITE
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for St. Louis City
> My Commission Expires: Feb. 23, 2027
> 22812668

(Seal)